FILED

2008 Mar-05  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DUDLEY L. GREENWAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:06-CV-4790-VEH** |
| | ) |
| **CITY OF BIRMINGHAM;** | ) |
| **JEFFERSON COUNTY** | ) |
| **PERSONNEL BOARD; RANDALL** | ) |
| **E. KEMP, Individually and as Agent** | ) |
| **for the City of Birmingham,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION

Before the court is the Motion of the Defendants, the City of Birmingham and Randall E. Kemp (hereinafter "Defendants"), for Summary Judgment as to all claims of the Plaintiff, Dudley L. Greenway (hereinafter "Plaintiff").  (doc. 35).  For the reasons explained herein, the motion is due to be **GRANTED**.

Also before the court is Plaintiff's Motion to Strike various portions of the evidentiary record.  (doc. 46).  As explained below, this motion is due to be **DENIED**.

I.    **FACTUAL AND PROCEDURAL HISTORY**[1]

Plaintiff retired from the City of Birmingham in 1997 as a Principal Engineering Technician. (AF## 1, 2; AAF # 1).[2]  Thereafter, he acquired employment in the private sector while collecting a retirement pension from the City.  (AF # 4; AAF # 1).

In 2003, Plaintiff and Randall E. Kemp, City Engineer for the City of Birmingham, began communicating via telephone regarding Plaintiff's return to work for the City.  (AF ## 7, 8; AAF # 7).  According to Plaintiff, Kemp offered him a position as a Licensed Land Surveyor (hereinafter "LLS") at a pay grade of 25, three grades higher than that from which Plaintiff had retired.  (AF ## 3, 13, 15).

---

[1]  These are the facts for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts'") (citation omitted).  Facts are undisputed unless otherwise noted.  Where the facts are in dispute, they are stated in the manner most favorable to the plaintiff.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

[2]  The designation "AF" stands for "admitted fact" and indicates a fact offered by Defendants that Plaintiff has admitted in his written submissions on summary judgment or in his evidentiary submissions in response to Defendants' Motion for Summary Judgment.  Where Plaintiff has adequately disputed a fact offered by Defendants, the court has accepted Plaintiff's version. The court's numbering of admitted facts (e.g., AF No. 1) corresponds to the numbering of Defendants' Statement of Facts as set forth in doc. 36 and responded to by Plaintiff in doc. 41.  Similarly, the designation "AAF" refers to "additional admitted fact" and corresponds to Plaintiff's Statement of Facts contained in doc. 41 and responded to by Defendants in doc. 52.  Any other facts referenced by the parties that require further clarification are dealt with later in the court's opinion.

In reliance on this offer, Plaintiff rescinded his retirement pension and resigned from his private employment to return to work for the City.  (Greenway Aff. ¶¶ 5, 7).  Shortly before he started work for the City, however, Kemp informed Plaintiff that the LLS position had yet to be created by the Jefferson County Personnel Board, and Plaintiff would have to begin work as a Principal Engineering Technician (hereinafter "PET") at pay grade 22 until the LLS position could be established.  (AAF ## 9, 10).

Plaintiff attempted to return to his private employment but was not permitted to because he had already resigned from that job once before.  (AAF # 28).  Therefore, in September 2003, he commenced work for the City as a PET in pay grade 22, but argues that he has been performing the job duties of the LLS position since that time.  (AAF # 29; doc. 36, exh. 3).

During the next three years, according to Plaintiff, Kemp and the City of Birmingham repeatedly promised him that they were "working" with the Jefferson County Personnel Board to create the LLS/pay grade 25 position for him.  (AAF ## 47, 48).  Due to their lack of progress, Plaintiff complained to various officials within the City, apparently to little avail.  (AF ## 58-60; AAF ## 44; Pl. Dep. pg. 183).  In March 2006, the Personnel Board created the LLS position, but Plaintiff was not appointed to that position.  (AF # 63).  Instead, Plaintiff argues he was merely allowed to compete with other employees for the position by submitting a "minimum

qualifications form" to the City.  He refused to submit the form on grounds that he had already been performing LLS duties for three years and was entitled to a retroactive appointment to that classification and corresponding pay grade.  The position was never filled and was later eliminated on a date unspecified in the record. (AF ## 67, 72; Dowe Aff. pp. 3-4).

On November 2, 2006, Plaintiff filed this action against the Jefferson County Personnel Board,[3] the City of Birmingham, and Randall E. Kemp[4] in the Jefferson County Circuit Court.  (doc. 1, exh. 1).  The action was removed to this court pursuant to 28 U.S.C. § 1441(a) on November 30, 2006.  (doc. 1).

Defendants filed the present Motion for Summary Judgment on September 17, 2007.  (doc. 35).  Plaintiff responded on October 2, 2007 (doc. 41), and Defendants replied on October 12, 2007 (doc. 52).  Additionally, Plaintiff filed his Motion to Strike on October 3, 2007 (doc. 46), to which Defendants responded on October 5, 2007 (doc. 50).  The motions are now under submission.

---

[3] The Personnel Board's Motion for Summary Judgment as to all claims against it was granted in a separate Memorandum Opinion and Order.  (doc. 54).

[4] It is unclear whether Kemp is sued in his official capacity, his individual capacity, or both.  In their brief on summary judgment, Defendants assert that Kemp is entitled to judgment in his favor on qualified immunity, which applies only to defendants sued under § 1983 in their individual capacities.  *See Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).  While Plaintiff objects to this defense on other grounds, he does not argue Kemp is not sued in his individual capacity and that qualified immunity, therefore, should not apply.  On this basis, the court assumes that Kemp is sued in his individual capacity.  As stated *infra*, the court finds that Kemp is entitled to qualified immunity.

4

## II.   STANDARD OF REVIEW

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).

The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553.

Once the moving party has met its burden, FED. R. CIV. P. 56(c) requires the nonmoving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

The substantive law will identify which facts are material and which are irrelevant.  *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  All reasonable doubts about

5

the facts and all justifiable inferences are resolved in favor of the nonmovant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17, citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (*en banc*). If the moving party bears the burden of proof at trial, it can meet its burden on summary judgment only by presenting positive evidence that demonstrates the absence of a genuine issue of material fact, i.e., facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its

initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the nonmoving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the nonmoving party must respond with positive evidence sufficient to resist a motion for a directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of any evidence in the record in support of a judgment for the nonmoving party on the issue in question. This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the nonmoving party's case. *Fitzpatrick*, 2 F.3d at 1115-16.

If the movant meets its initial burden by using this second method, the nonmoving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth

evidence of specific facts.  *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

## III.   ANALYSIS

In his Complaint, Plaintiff asserts eight claims against each of these remaining defendants: (1) violation of his right to due process under 42 U.S.C. § 1983 (Count 1, ¶ 32; Count 2, ¶ 35), (2) violation of his right to equal protection under 42 U.S.C. § 1983 (Count 2, ¶ 35; Count 4, ¶ 44), (3) violation of 42 U.S.C. § 1981 (Count 2,¶ 35; Count 4, ¶ 44), (4) breach of contract (Compl. pg. 1), (5) negligence (Count 3, ¶ 38), (6) fraud (Count 3, ¶ 39), (7) outrage (Compl. pg 2), and (8) retaliation (Count 3, ¶ 40; Count 4, ¶ 45).[5]  The court will address each claim separately *infra*.

### 1.   Defendants' Motion for Summary Judgment

#### A.   Statutes of Limitations

Defendants first argue they are entitled to summary judgment because each of Plaintiff's claims is time-barred.  According to Defendants, all of Plaintiff's claims arise out of promises Defendants allegedly made prior to September 8, 2003, and therefore all applicable statutes of limitations began to run at that time.

---

[5]  Plaintiff's breach of contract and outrage claims are not specifically alleged in any count in his Complaint, but are addressed in an "Introduction and Factual Background" paragraph preceding his allegations of Counts One through Four.  (Compl. pp. 1-2).

It is unclear whether, in his Complaint, Plaintiff's claims arise solely out of promises allegedly made <u>prior</u> to his September 8, 2003, start date, or whether Plaintiff's Complaint also arises out of Defendants' promises to create the LLS position for him <u>after</u> he started working for the City (i.e., after September 8, 2003). To the extent that Plaintiff's claims arise out of Defendants' pre-September 8, 2003, promises, the court finds that Plaintiff's § 1983, fraud, negligence, outrage, and breach of contract claims said claims are time-barred according to each relevant statute of limitations.[6,7,]

Plaintiff learned <u>prior</u> to his September 8, 2003, start date that he would not

---

[6] Specifically, Plaintiff's § 1983 due process and equal protection claims are subject to a two-year statute of limitations (see Ala. Code 1975 § 6-2-38(l)), which began to run as soon as he knew or had reason to know of his injury. *Calhoun v. Alabama Alcoholic Beverage Control Bd.*, 705 F.2d 422, 425 (11th Cir. 1983).

The same reasoning applies to Plaintiff's fraud claim (see Ala. Code 1975 § 6-2-3) ("[i]n actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud"), which is subject to a two-year statute of limitations.

Plaintiff's outrage and negligence claims based on Defendants' pre-September 2003 conduct are also untimely because Plaintiff failed to file a claim with the City Clerk within six months of the accrual of those causes of action. *See* Ala. Code 1975 § 11-47-23; doc. 43, exh. B.

Plaintiff's breach of contract claim based on Defendants' pre-September 2003 conduct is untimely under the two-year statute of limitations generally applicable to non-tort claims against municipalities. *See* Ala. Code 1975 § 11-47-23; *Morrow v. Town of Littleville*, 576 So.2d 210, 212 (1991). Because Kemp was not Plaintiff's employer, no breach of employment contract claim can lie against him, and it does not appear that Plaintiff has even alleged one.

[7] Plaintiff's claim of retaliation, on its face, applies only to Defendants' post-September, 2003, conduct, and therefore is not analyzed here.

return to the City of Birmingham in the LLS position as allegedly promised, but would instead begin work as a PET. (AAF ## 9, 10). Therefore, Plaintiff either knew or had reason to know by September 8, 2003, that the LLS position was not available to him as allegedly promised. Because this action was not commenced until November 2, 2006, more than three years after Plaintiff learned of his injury relating to Defendants' alleged promises during the summer of 2003, Plaintiff's § 1983, fraud, negligence, outrage, and breach of contract claims that arise out of said promises are time-barred.

Plaintiff also appears to assert claims relating to Defendants' alleged promises to create the LLS position for him <u>after</u> he returned to work for the City in September 2003. Plaintiff alleges that such promises were made repeatedly during the following three years. It appears, therefore, that he neither knew nor had reason to know that the promises would not be fulfilled until June 2006, when the position was created but Plaintiff refused to compete for it. Thus, any claims arising out of Defendants' post-September 2003 promises are timely, because this action was commenced within the limitations period for each of said claims.

B.     § 1983 claim

Plaintiff does not explain whether his § 1983 claim arises under substantive or procedural due process. However, as a matter of law, a public employee may not

assert a claim for alleged denial of substantive due process arising out of the conduct

of a public employer.  *See McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (*en*

*banc*), *cert. den'd*, 513 U.S. 1110, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995).[8]

---

[8]  There is some authority that a public employee's expectation of receiving a
promotion is an enforceable property interest when it is provided for by state statute and
personnel board rules and regulations, *see Ledbetter v. Brown*, 569 F.Supp. 170, 173 (N.D.Ga.
1983).  However, the Supreme Court has instructed that

> [t]he federal court is not the appropriate forum in which to review the multitude of
> personnel decisions that are made daily by public agencies.  We must accept the
> harsh fact that numerous individual mistakes are inevitable in the day-to-day
> administrations of our affairs. The United States Constitution cannot feasibly be
> construed to require federal judicial review for every such error. . . . The Due Process
> Clause of the Fourteenth Amendment is not a guarantee against incorrect or
> ill-advised personnel decisions.

*Bishop v. Wood*, 426 U.S. 341, 349-50, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976).

The Eleventh Circuit Court applied this rule in *McKinney v. Pate*, where it declined to
extend Fourteenth Amendment protection to a plaintiff's asserted property interest in his
employment after he alleged that he had been wrongfully terminated. 20 F.3d 1550, 1556 (11th
Cir. 1994). The court explained that

> [a]lthough the Supreme Court has extended substantive due process protection to
> certain unenumerated rights, it has not extended Fourteenth Amendment coverage to
> a host of other areas. . . . The doctrine of judicial self-restraint requires us to exercise
> the utmost care whenever we are asked to break new ground in this field. . . . Hence,
> remaining largely outside the scope of substantive due process jurisprudence [is]
> public employment law. . . . In short, areas in which substantive rights are created
> only by state law (as is the case with . . . employment law) are not subject to
> substantive due process protection under the Due Process Clause because
> "substantive due process rights are created only by the Constitution. . . ." As a result,
> these state law based rights constitutionally may be rescinded so long as the elements
> of procedural–not substantive–due process are observed.

*Id.*, *quoting Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88
L.Ed.2d 523 (1985), citing *Bishop v. Wood*, 426 U.S. at 350, 96 S.Ct. 2074, 2080.  Consistent
with the reasoning of *McKinney*, Plaintiff must show that Defendants' conduct resulted in a
deprivation of his right to procedural due process to prevail on this claim.

Plaintiff alleges that, since he returned to work for the City, he has been classified as a Principal Engineering Technician at pay grade 22, but has been performing the duties of a Licensed Land Surveyor which, he argues, should be compensated at pay grade 25.[9]   Plaintiff appears to argue that Defendants have thereby deprived him of a property interest that is protected by procedural due process under both the United States and Alabama constitutions.

Plaintiff "has a procedural due process claim if [he] can show the deprivation of a property or liberty interest." *Gilder-Lucas v. Elmore Co. Bd. of Educ.*, 399 F.Supp.2d 1267, 1272 (M.D.Ala. 2005), *citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982).   "The hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'"   *Logan*, 455 U.S. at 430, 102 S.Ct. at 1155, quoting *Memphis Light, Gas, & Water Div. v. Craft*, 436 U.S. 1, 11-12, 98 S.Ct. 1554, 1561-62, 56 L.Ed.2d 30 (1978).   "A constitutionally protected property interest is created if there are 'rules or mutually explicit understandings that support [a] claim of entitlement." *Warren v. Crawford*, 927 F.2d 559, 562 (11th Cir. 1991), *quoting*

_____

[9] Plaintiff offers no evidentiary support for his argument that a Licensed Land Surveyor should be compensated at pay grade 25.  The only apparent source for this argument is his allegation that Kemp offered him the LLS position at pay grade 25 and, therefore, Plaintiff asks the court to <u>assume</u>, which it will not, that the LLS job duties he performed for the City should be compensated at that pay grade.

*Perry v. Sinderman*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

Plaintiff fails, in his Complaint and in his opposition brief, to demonstrate that Defendants' alleged conduct rises to the level of a constitutional violation.  He has not cited <u>any</u> authority that provides him with a "claim of entitlement" to a particular job classification or pay grade.  In his 41-page brief, Plaintiff spends one paragraph explaining his § 1983 claim, and argues merely that Defendants' "years of indifference" to Plaintiff's allegedly incorrect job classification and pay grade constitutes a failure by the City to carry out its "duty" to Plaintiff to properly classify him as "mandated by state law with detailed implementing regulations."  Plaintiff does not explain the state law to which he refers in this argument, leaving the court to "guess" at the basis for this claim.[10]  Therefore, the court finds no grounds upon

_____

[10]  In his brief, Plaintiff points to § 12 of the Enabling Act, describing the "Duties of the Personnel Director," as grounds for his § 1983 claim, but he does not explain how Defendants' alleged misconduct violated that provision.

Alternatively, the record also points to Personnel Board Rule 11.11 as a possible basis for Plaintiff's § 1983 claim.  Rule 11.11 provides that

ASSIGNMENT OF DUTIES OUT OF CLASS

[N]o Classified Employee may be assigned duties of a different Class for a period in excess of thirty (30) calendar days or 240 working hours in any twelve (12)-month period, except with the approval of the Director. If a Classified Employee reasonably believes that an Appointing Authority has required him or her to perform duties of a different Class in excess of the limits allowed in this Rule 11.11 (30 calendar days or 240 working hours), the Classified Employee shall, within ten (10) Business Days, notify the Director in writing. The Director shall undertake such review as deemed necessary and shall report his or her findings to the Board, which shall take such

which Plaintiff has asserted a viable procedural due process claim.  For this reason, the motion for summary judgment is due to be **GRANTED** as to this claim.

C.    § 1981 claim

In his Complaint, Plaintiff also alleges that Defendants violated his right to make and enforce contracts under 42 U.S.C. § 1981.

§ 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474, 126 S.Ct. 1246, 1249, 163 L.Ed.2d 1069 (2006), *quoting* 42 U.S.C. § 1981.  "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship."  *Id.*, 546 U.S. at 476, 126 S.Ct. at 1250.

Plaintiff offers no factual support for this claim.  The record contains no

---

actions as deemed appropriate and notify the employee of its decision.

Even if the court were to infer that Defendants' alleged conduct violated this rule, the record is clear that Defendants attempted to remedy the violation by creating the LLS position in 2006. (Dowe Aff. pg. 3; doc. 36, exhs. 10, 11).  It was Plaintiff's conduct, not that of Defendants, that prevented Plaintiff from actually filling that position, as he refused to submit a minimum qualifications form as required for his job classification to be changed.  While Plaintiff argues that the form did not guarantee he would be offered the position, his refusal to submit the form necessarily guaranteed that he would <u>not</u> be offered the position.  Plaintiff can offer neither argument nor authority that <u>his</u> failure to submit the form constitutes misconduct by <u>Defendants</u>.

evidence that race discrimination played any role in impairing a contractual relationship between Plaintiff and the City of Birmingham.[11]  Plaintiff specifically testified that he is not alleging race discrimination.  Therefore, Defendants' motion for summary judgment is due to be **GRANTED** as to Plaintiff's § 1981 claim.

D.    Equal Protection

"The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race. [ ]  [T]he invidious quality of a law claimed to be racially discriminatory must ultimately be traced to a racially discriminatory purpose." *Washington v. Davis*, 426 U.S. 229, 239, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976).

While Plaintiff asserts an Equal Protection claim in his Complaint, he fails to argue any support for it in his brief in opposition to summary judgment.  Similar to his § 1981 claim, Plaintiff offers absolutely <u>no</u> factual or legal ground for this claim.  Therefore, the Motion for Summary Judgment is due to be **GRANTED** as to this claim.

---

[11]  *See* FED. R. CIV. P. 56(e)(2), which provides that

> [w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

E.      Breach of contract[12]

Plaintiff alleges that Defendants' actions constitute a breach of his employment

contract.

In the ordinary breach of contract action, the plaintiff must prove: (1) the

existence of a valid contract binding the parties in the action, (2) his own performance

under the contract, (3) the defendant's nonperformance, and (4) damages. *Southern*

*Med. Health Sys., Inc. v. Vaughn*, 669 So.2d 98, 99 (Ala. 1995).

"The basic elements of a contract are an offer and an acceptance, consideration,

and mutual assent to the essential terms of the agreement." *Armstrong Business*

*Services, Inc. v. AmSouth Bank*, 817 So.2d 665, 673 (Ala. 2001), citing *Hargrove v.*

*Tree of Life Christian Day Care Ctr.*, 699 So.2d 1242, 1247 (Ala.1997), and *Pinyan*

*v. Community Bank*, 644 So.2d 919 (Ala. 1994).

Plaintiff has failed to present any evidence that the City of Birmingham offered

him the LLS/pay grade 25 position after September 8, 2003.  Rather, the record is

clear that Plaintiff was offered an opportunity to apply for the position, but that

Plaintiff refused to do so.  Therefore, the court cannot find that a contract existed for

---

[12]  Regardless of whether the City of Birmingham is entitled to summary judgment on Plaintiff's breach of contract claim, the court finds that summary judgment is due to be **GRANTED** to Randall E. Kemp on this claim, as Kemp was not a party to any employment contract between Plaintiff and the City.

Plaintiff to be appointed to that position. Because Plaintiff has failed to establish this element of his breach of contract claim, Defendants are entitled to summary judgment therefor.

### F.   Outrage

Alabama courts typically recognize outrage claims only on facts that demonstrate (1) wrongful conduct in the context of family burials, *see Whitt v. Hulsey*, 519 So.2d 901 (Ala. 1987), (2) heavy-handed, barbaric means by insurance agents in attempting to coerce an insured into settling an insurance claim, *see Nat'l Sec. Fire & Cas. Co. v. Bowen*, 447 So.2d 133 (Ala. 1983), and (3) egregious sexual harassment, *see Busby v. Truswal Sys. Corp.*, 551 So.2d 322 (Ala. 1989).

Plaintiff has not alleged, nor is there evidence to support such an allegation, that any of these circumstances is present in this case. Therefore, Defendants' Motion for Summary Judgment is due to be **GRANTED** as to this claim.

### G.   Fraud

To succeed on a fraud claim generally, a plaintiff must show (1) a false representation (2) of a material existing fact (3) relied upon by the plaintiff, (4) who was damaged as a proximate result thereof. *Valley Properties, Inc., v. Strahan*, 565 So.2d 571, 579 (Ala. 1990). Because Plaintiff's claim arises out of Defendants' alleged promises to perform a future act, i.e., to create a position for him as a

Licensed Land Surveyor at pay grade 25, his claim is one of promissory fraud, whereby Plaintiff must also prove that (1) at the time of the fraud Defendants did not intend to complete the promised act, and (2) Defendants intended to deceive Plaintiff. *Id.*; *see also Intercorp, Inc. v. Pennzoil Co.*, 877 F.2d 1524, 1534 (11th Cir. 1989); Ala. Code 1975 § 6-5-104(b)(4).   In a claim of promissory fraud, the defendant's "intent to deceive is a crucial element."  *Intercorp*, 877 F.2d at 1534.

As an intentional tort, the City of Birmingham can be liable to Plaintiff for the promises made to him by Kemp.  *Shelton v. Duncan*, 385 So.2d 1329, 1334 (Ala. 1980) ("a principal is liable for his agent's fraud though committed without the principal's participation or consent, if it is done in the course of his employment, and is not a willful departure from it.  Further, it is sufficient if the agent acts within the apparent scope of his authority"), *citing Gulf Electric Co. v. Fried*, 119 So. 685 (1928).

Even if Plaintiff demonstrates that Kemp was acting within the scope of his authority in making the alleged promises, Plaintiff's fraud claims against both Defendants cannot survive summary judgment because Plaintiff has failed to point to any evidence of Defendants' intent to deceive him.  Plaintiff summarily argues, with no factual support, that Defendants were motivated to defraud him because they needed someone of his skill and experience to perform licensed land survey work at

18

the lowest possible pay grade.  The record, however, is entirely void of evidence that Defendants intended to deceive Plaintiff, or that they promised him the LLS position with no intent to carry said promise to completion.[13]   Because the elements of promissory fraud are not satisfied on these facts, the Motion for Summary Judgment is due to be **GRANTED**.

> H.    Negligence

Plaintiff next alleges that Defendants' conduct constitutes negligence.

To prevail on a claim of negligence, Plaintiff must present evidence that (1) Defendants owed him a duty; (2) Defendants breached that duty, and that (3) Plaintiff suffered injury (4) that was caused by Defendants' breach.  *Hilliard v. City of Huntsville Elec. Utility Bd.*, 599 So.2d 1108, 1111 (Ala. 1992), *citing Maharry v. City of Gadsden*, 587 So.2d 966, 968 (Ala.1991), *Rutley v. Country Skillet Poultry Co.*, 549 So.2d 82 (Ala.1989).

Neither the factual nor the legal basis for Plaintiff's negligence claim is clear.  In his opposition brief, Plaintiff somehow conflates his negligence claim with his § 1983 due process claim.  After parceling out any facts relevant to his negligence claim, however, it is clear that Plaintiff has cited to no authority that Defendants owed

---

[13]  By contrast, as stated *supra*, the record indicates that Defendants worked to and finally succeeded in creating the LLS position, albeit three years after Plaintiff was hired, but that Plaintiff refused to submit to the process for filling it.

him a duty to hire him as a Licensed Land Surveyor or to compensate him for his work at a certain pay grade.[14]   Because Plaintiff has failed to demonstrate that Defendants owed him such a duty, the court finds no evidence of negligence on the part of either Defendant.   Therefore, the Motion for Summary Judgment is due to be **GRANTED** as to this claim.

## I.     Retaliation

Plaintiff finally alleges that Defendants retaliated against him after he began to complain about his job classification and pay grade.   Specifically, Plaintiff argues that he was removed from Randall Kemp's supervision after he began lodging his complaints, that Defendants began to generate unfair criticism of his work, and that Defendants acted to "lower his pay grade."   However, Plaintiff neglects to even mention this claim in his opposition brief.   Therefore, no specific facts have been alleged in support thereof.   Moreover, the Plaintiff admits that he was not discriminated against on the basis of his race.

To prevail on a claim of retaliation, Plaintiff must establish that (1) he engaged in statutorily protected conduct; (2) he suffered from an adverse employment action;

---

[14]  As explained *supra*, Plaintiff potentially – though not explicitly – argues that the City owed him a duty to assign to him an LLS job classification.  <u>If</u> Defendants have failed in that duty, the court has stated repeatedly that Defendants corrected this failure by creating the LLS position and inviting Plaintiff to submit to the process for filling it.

and (3) the adverse action was causally related to his protected conduct.  *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999).

The record contains no evidence of any statutorily protected conduct by the Plaintiff. The record also contains no evidence to support Plaintiff's argument that Defendants retaliated against him.  While Defendants do not dispute that Kemp was replaced as Plaintiff's supervisor, Plaintiff offers no evidence that Kemp's removal was adverse to his employment.  Plaintiff further offers no evidence to substantiate his claims that Defendants acted to lower his salary or to generate criticism of his work.  Finding no factual support for this claim, Plaintiff has failed to carry his burden under FED. R. CIV. P. 56(e) to offer "specific facts showing a genuine issue for trial."  Therefore, the Motion for Summary Judgment is due to be **GRANTED** as to this claim.

J.   Qualified Immunity

Defendants next argue that Randall E. Kemp is entitled to summary judgment as to all § 1983 claims against him in his individual capacity, because he is protected from liability under the affirmative defense of qualified immunity.

Qualified immunity may be claimed by an individual defendant who is being sued personally for actions that he or she took while acting under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S. Ct. 2727, 2736, 73 L. Ed. 2d 396

(1982). Qualified immunity is a question of law to be decided by the court prior to trial.  It is designed to allow officials who are entitled to qualified immunity to avoid the expense and disruption of going to trial, and is not merely a defense to liability. *Ansley v. Heinrich*, 925 F.2d 1339, 1345 (11th Cir.1991).

The Supreme Court has referred to the qualified immunity analysis as the "objective-reasonableness" test. *Harlow*, 457 U.S. at 815-19, 102 S. Ct. at 2736-39. Under this test, public officials performing discretionary functions which would objectively appear to be within the official's authority have qualified immunity if their challenged conduct did not violate a clearly established constitutional right of which a reasonable person would have known, given the circumstances and information possessed by the official at the time of the conduct.  *Id*. at 818, 102 S. Ct. at 2738.

The objective-reasonableness test is a two part analysis. First, the defendant public official must prove that he was performing duties within the scope of his discretionary authority when the alleged violation occurred.  *Hutton v. Strickland*, 919 F.2d 1531, 1537 (11th Cir.1990) (citations omitted).  A government official may prove that he was acting within the scope of his authority by showing facts and circumstances that would indicate that his actions were part of his normal job duties and were taken in accordance with those duties. *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir.1988); *Cronen v. Texas Dep't of Human Services*, 977 F.2d 934, 939 (5th

Cir.1992) ("An official acts within his discretionary authority when he performs nonministerial acts within the boundaries of his official capacity").

Once the defendant proves that he was acting within his discretionary authority, the burden then shifts to the plaintiff to prove that the defendant did not act in good faith. *Hutton*, 919 F.2d at 1537. The plaintiff may meet this burden by establishing that "the defendant public official's actions 'violated clearly established constitutional law.'" *Id*. (citations omitted). The second prong of the objective-reasonableness test has two sub-parts. Id. at 1538. First, the court must find that the constitutional law in question was clearly established when the alleged violation occurred. *Id*. Second, the court must find that "there is a genuine issue of fact regarding the government official's engaging in conduct violative of the clearly established law." *Id*. "Clearly established" means that "[t]he contours of the [violated] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987).

This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent. *Id*. (citations omitted). Under this standard, qualified immunity is available to protect "all but the

23

plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986).

To defeat a qualified immunity defense, the plaintiff bears the burden of showing that the "legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, . . . the law clearly proscribed the actions the defendant took." *Barts v. Joyner*, 865 F.2d 1187, 1190 (11th Cir.1989), *cert. denied*, 493 U.S. 831, 110 S. Ct. 101, 107 L. Ed. 2d 65 (1989), *quoting Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S. Ct. 2806, 2816, 86 L. Ed. 2d 411 (1985).   In determining whether the plaintiff meets this burden, the court is guided by the Eleventh Circuit's direction in *Nicholson v. Georgia Dep't of Human Resources*, 918 F.2d 145 (11th Cir.1990):

> In satisfying this burden, the plaintiff cannot point to sweeping propositions of law and simply posit that those propositions are applicable. Instead, the plaintiff must draw the court's attention toward a more particularized and fact-specific inquiry. Under this inquiry, the plaintiff need not point to one or more cases that resolved the precise factual issues at issue in his or her case. '[A]lthough the standard is fact-specific, it is not one of factual rigidity.' Rather, the plaintiff need only show that there existed sufficient case law establishing the contours of his or her constitutional rights such that the unlawfulness of the defendant's conduct would have been apparent to a reasonable official in the same circumstances and possessing the same knowledge as the defendant.

*Id*. at 147 (citations omitted).

24

If the plaintiffs satisfy their initial burden and show that the rights that defendants' conduct allegedly violated were clearly established at the time of defendants' conduct, the court must then determine whether the plaintiffs have adduced evidence sufficient to create a genuine issue of fact as to whether defendants actually engaged in conduct that violated clearly established law. *Rich*, 841 F.2d at 1564; *see also Stewart v. Baldwin County Bd. of Educ.*, 908 F.2d 1499, 1503 (11th Cir.1990).  In this undertaking, the court must draw all inferences of fact in favor of the plaintiff when the plaintiff is the party opposing the motion. *Stewart*, 908 F.2d at 1503.

In this case, the court finds that Kemp is entitled to qualified immunity and, therefore, is entitled to summary judgment as to all § 1983 claims against him.  First, it is clear that Kemp was performing a discretionary duty by recruiting Plaintiff to return to work for the City in September 2003.  The evidence of record is that Kemp was appointed by his supervisor to recruit a licensed land surveyor to work for the City, and that Kemp's decision to recruit Plaintiff was within his discretion and not a ministerial act.  (Kemp Dep. pg. 16).

Having determined that Kemp was acting within the boundaries of his discretionary authority in deciding to recruit Plaintiff, the court also finds that Plaintiff has not met his burden of proof that Kemp's actions violated a clearly

25

established constitutional right.  As previously explained, Plaintiff argues that he has a property interest, protected by procedural due process, in the LLS job classification and corresponding pay grade.  However, the court has found that Plaintiff has no "clearly established constitutional right" to any particular job classification or pay grade.

Nevertheless, Plaintiff appears to argue that Kemp knew, at the time he repeatedly promised that he and the City were working to create the LLS position, that the position was not going to be created, and that, therefore, such promises were outside the boundaries of Kemp's discretionary authority. Such alleged promises clearly were within Kemp's discretionary authority.  The fact that Kemp allegedly lied to Plaintiff does not change that fact.  If the alleged lie amounted to a violation of a constitutionally-protected right that was clearly established, then Kemp would not be entitled to qualified immunity as to Plaintiff's § 1983 claim.  Because, even if Kemp lied, Plaintiff has shown no violation of a constitutionally-protected right, much less one that was clearly established, the court finds that Kemp is entitled to qualified immunity and all of Plaintiff's § 1983 claims against Kemp in his individual capacity are therefore due to be dismissed on this basis as well.

### 2.    Plaintiff's Motion to Strike

On various grounds, Plaintiff has moved to strike the affidavits of three

26

employees of the City of Birmingham, Ann Thompson, Laura Faulkner, and Landon Dowe.  (doc. 36, exhs. 4, 6, 7, respectively).

The motion is due to be denied on two separate grounds.  First, Plaintiff's motion fails to comply with the court's Standing Order Establishing Pretrial Procedure, Part C (page 11).  In said Order, the court requires that

> [i]f a party seeks to strike only a portion of, or specific statements in, summary judgment evidence, the party may not file a motion to strike. Instead, the party may preserve its objection to the court's consideration of those statements or portions of the document by stating its objections in the party's brief opposing or supporting summary judgment.

While Plaintiff identifies only specific statements in each affidavit to which he objects, he seeks to strike the affidavits in their entirety with no legal support for such remedy.  The motion is more properly characterized as seeking to strike only the offending portions of each affidavit, and is, therefore, due to be **DENIED** for its failure to comply with the court's Order.[15]

Second, the motion is due to be denied on its merits.  The motion is essentially a laundry list of statements in each affidavit to which Plaintiff offers conclusory objections, with no supporting argument or apposite authority.  The court finds no

---

[15]  The former Fifth Circuit instructed in *Lee v. National Life Assur. Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980), that "[t]he rule is settled that on a motion for summary judgment a court will disregard only the inadmissible portions of a challenged affidavit offered in support of or opposition to the motion and will consider the admissible portions in determining whether to grant or deny the motion."

basis to strike any portion of the affidavits, and therefore concludes that the Motion to Strike (doc. 46) is due to be **DENIED**.

## IV.    CONCLUSION

Having found that no genuine issue of material fact remains and that Defendants are entitled to judgment as a matter of law as to all claims asserted against them, the court concludes that Defendants' Motion for Summary Judgment is due to be **GRANTED**.   Additionally, Plaintiff's Motion to Strike is due to be **DENIED**.   A separate Order will be entered.

**DONE** this the fifth day of March, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge